ELECTRIC HOSE AND RUBBER COMPANY, a corporation of the
State of Delaware, *vs.* THE MAYOR AND COUNCIL OF WILMING-
TON, a municipal corporation of the State of Delaware.

TAXATION—EXEMPTIONS—STATUTORY PROVISIONS.

Act Gen. Assem. May 20, 1898 (21 *Del. Laws, c.* 106) § 3, provides that
marsh and meadow lands in Wilmington, protected from overflow by banks
at the expense of the owners, whereon no houses or buildings are erected, are
thereby declared exempt from municipal taxation. *Section* 4 provides that
any such land, which has been filled in so as to become high land, shall be so
exempt for ten years from the time it becomes high land. *Section* 5 provides
that any such land, upon which any manufacturing establishment or indus-
trial improvement shall be erected after the passage of that act, shall for
ten years after it shall be erected be so exempt. *Section* 6 provides that any
such land upon which any such establishment or improvement "has been

erected within two years prior to the passage of this act (or which may here-after be erected)" shall for ten years from the passage of that act be so exempt. *Held,* that marsh or meadow land, with a manufacturing establishment or improvement erected thereon after the passage of that act, is exempt for ten years from the time of such erection, and not merely for ten years from the passage of the act, as *section* 6 applies to such establishments or improvements previously erected, and the words "or which may hereafter be erected" should be disregarded; this construction being necessary to prevent the destruction of the primary object of all four sections.

(*June* 14, 1915.)

Judges RICE and HEISEL sitting.

*Robert H. Richards* for plaintiff.

*Daniel O. Hastings*, City Solicitor, for defendant.

Superior Court, New Castle County, May Term, 1915.

Action by the Electric Hose and Rubber Company against the Mayor and Council of Wilmington. Judgment for plaintiff.

AMICABLE ACTION IN ASSUMPSIT (No. 107, May Term, 1915) for the collection of the amount of certain taxes paid by the plaintiff to the defendant under protest. Heard on case stated. The facts and contentions of the parties appear in the opinion of the court.

HEISEL, J., delivering the opinion of the court:

Case stated upon amicable action for the recovery of the amount paid by plaintiff to defendant, under protest, for certain taxes.

The facts agreed upon show that plaintiff is a corporation of this state engaged in the business of operating a manufacturing plant, within the limits of the City of Wilmington, for the manufacture of rubber hose, etc., and is the owner, *inter alia*, of six lots of land upon which are erected factory buildings, power house and general offices used in connection with its business of manufacturing as aforesaid.

That the buildings upon said lots of land were erected at different times during the period from the year 1909 to the year 1913.

That the plaintiff is, and, at the time of the erection of each

of the above mentioned buildings, was a manufacturing establishment, in which labor is, and, at the time of the erection of each of said buildings, as aforesaid, was employed; and, at the time of the erection of each of said buildings, the said lots of land upon which said buildings were erected, respectively, were all marsh and meadow land.

That for the tax year beginning July 1, 1914, and ending July 1, 1915, the said municipal corporation did value and assess the above mentioned real estate of the said plaintiff, for the purpose of municipal taxation, at the aggregate sum of twenty-eight thousand nine hundred and three dollars and seventy-five cents.

That the plaintiff, then, as now, the owner of the real estate, designated as Nos, 1, 2, 4A, 5, 6 and 9, in the case stated, did duly and properly appeal from said assessment to the Board of Assessment, Revision and Appeals of the Council of the said municipal corporation, upon the ground that said real estate, so designated as aforesaid, was and is exempt from taxation by said municipal corporation under *Chapter* 106, *Volume* 21, of the *Laws of Delaware*, for the reason that said real estate is in fact marsh and meadow land upon which a manufacturing establishment or industrial improvement, for the employment of labor, was erected after the passage of the statute, above designated as *Chapter* 106, *Volume* 21, of the *Laws of Delaware*, and is therefore exempt from all taxes, burdens, assessments or impositions whatsoever for municipal purposes, for a period of ten years after the erection of said buildings, respectively; and the said board of assessment, revision and appeals did hear said appeal in accordance with law, and did determine the same by refusing to vacate said assessments, or to change the same, or exempt said real estate from such assessment.

That the said plaintiff, thereafter, did pay to the collector of taxes for the Southern District of the said City of Wilmington, the sum of three hundred and seventy dollars and sixty-nine cents, being the amount of the taxes claimed by said collector as due by said plaintiff by reason of its ownership of said properties, so assessed and valued as aforesaid. The said payment of said amount was made under protest and with the understanding that,

if the Superior Court of the State of Delaware should decide that the properties above mentioned are exempt from municipal taxation by the City of Wilmington, the said amount, so paid as aforesaid, should be repaid by the defendant to the plaintiff.

That if the court shall be of the opinion that the said lots of land and buildings, so as aforesaid designated as Nos. 1, 2, 4A, 5, 6 and 9 were exempt from municipal taxation by the said defendant for the tax year beginning July 1, 1914, and ending July 1, 1915, under said *Chapter* 106, *Volume* 21, of the *Laws of Delaware*, then judgment shall be entered for the plaintiff and against the defendant for the sum of three hundred and seventy dollars and sixty-nine cents, with the costs of this suit; but if the court shall be of opinion otherwise then judgment shall be entered for the defendant and against the plaintiff for the costs of this suit.

Plaintiff contends that the properties mentioned in the case stated are exempt or relieved from taxation by the city for the year 1914 by reason of *Section* 5 of *Chapter* 106, *Volume* 21, of the *Laws of Delaware*. Defendant contends that said *section* 5 is so modified by *section* 6 of the same chapter, as to limit the period in which manufacturing or industrial establishments, erected after the enactment of the law, are exempt, to ten years from the passage of the law, and the law having been approved on the twentieth day of May, 1898, the ten years have elapsed and the properties in question were subject to taxation for municipal purposes by the defendant for the year 1914.

*Chapter* 106, *Volume* 21, was an act to classify real estate in the City of Wilmington for the purposes of municipal taxation, and to exempt certain lands from such taxation.

*Sections* 1 and 2 have to do with the classification of the real estate within the city, in such a manner as to discriminate between the rural or suburban, and the built-up portion of the city, and have no special bearing upon the question raised in this case.

*Sections* 3, 4, 5 and 6 have to do with the exemption from taxation of marsh and meadow lands within the limits of the city, and are as follows:

"Section 3.   That all marsh and meadow lands within the limits of the City of Wilmington that are protected from overflow by the tides by banks

at the expense of the owners thereof, whereon no houses or buildings are erected, be and the same are hereby declared to be exempt from all taxes, assessments, burdens or impositions whatsoever for municipal purposes."

"Section 4.   That any marsh or meadow land, as aforesaid which has been filled in, or which may hereafter be filled in or raised above high water, so as to become high and fast land;   the expense of the same being borne by the owner, shall be exempt from all taxes, assessments, burdens or impositions whatsoever for municipal purposes for a period of ten years from  the time said lands become high and fast lands."

"Section 5.   That any marsh or meadow land, as aforesaid upon which any manufacturing establishment or industrial improvement, for the employment of labor, shall be erected after the passage of this act shall for a period of ten years after the same shall be erected, be exempt from all taxes, burdens, assessments or impositions whatsoever for municipal purposes."

"Section 6.   That any marsh or meadow land, as aforesaid or where the same has been filled in or raised, as aforesaid, so as to become fast and high land, upon which any manufacturing establishment or industrial improvement, for the employment of labor has been erected within two years prior to the passage of this act, or which may hereafter be erected, shall, for a period of ten years after the passage of this act, be exempt from all taxes, assessments, burdens or impositions whatsoever for municipal purposes."

Under *section* 3 all marsh and meadow lands protected from overflow by the tide, by banks maintained at the expense of the owners, upon which no houses or buildings are erected are exempt from taxation indefinitely and until the provisions of that section be changed by an act of the General Assembly.

Under *section* 4, whenever the marsh or meadow lands mentioned in *section* 3, have been filled in or raised above high-water mark at the expense of the owner, the exemption from taxation is limited to ten years from the time such lands became high and fast lands.

*Section* 5 provides that the marsh or meadow land mentioned in either *section* 3 or *section* 4, when improved by the erection thereon of any manufacturing establishment or industrial improvement, for the employment of labor shall, for a period of ten years after the same shall be erected, be exempt from taxes, etc., for municipal purposes.

To encourage the reclamation and subsequent improvement of the marsh and meadow land within the city limits, seems to have been the object in view  in the enactment of *sections* 3, 4 and 5, and had the chapter ended with *section* 5, there could be no question that the lands and buildings mentioned in this case

(the building having been erected less than ten years ago) would be exempt from taxation for the year 1914.

*Section* 5 deals specifically with marsh or meadow land upon which manufacturing establishments are erected *after* the passage of the act, and clearly intends to exempt them from taxation for city purposes for the period of ten years after the erection of the buildings, thus affording equal benefit, and encouragement by way of exemption of taxation, to all, who improve such lands after the passage of that act.

The object of *section* 6, we think, was to give the same benefit to those who had already built such establishments upon the marsh or meadow land, within two years prior to the passage of the act, as was given to those which might be erected after the passage of the act, as provided in *section* 5. To construe *section* 6 otherwise, or as contended for by counsel for defendant, would destroy the primary object of *sections* 3, 4, 5 and 6, which was to encourage the building of manufacturing establishments or industrial improvements, for the employment of labor, upon the marsh or meadow lands within the city. We think the phrase "or which may hereafter be erected" where it occurs in *section* 6 is meaningless, and *section* 6 should be read without such phrase.

We are therefore of the opinion that the said lots of land and buildings designated in the case stated as Nos. 1, 2, 4A, 5, 6 and 9 were exempt from municipal taxation by the defendant for the tax year beginning July first, 1914, and ending July first, 1915, under *Chapter* 106, *Volume* 21, of the *Laws of Delaware*, and order judgment entered for the plaintiff and against the defendant for the sum of three hundred and seventy dollars and sixty-nine cents with the costs of this suit.